LAVIN, Immigrant Inspector, et al. v. LE FEVRE et al.

(Circuit Court of Appeals, Ninth Circuit. November 2, 1903.)

No. 948.

1. ALIENS—DEPORTATION—QUESTION FOR COURT.

Whether the executive officers of the government, in deporting an alien emigrant, are proceeding according to law, is a judicial question, which may be inquired into on habeas corpus.

2. SAME—TO WHAT COUNTRY DEPORTED.

Under Act March 3, 1891, c. 551, §§ 10, 11, 26 Stat. 1086 [U. S. Comp. St. 1901, p. 1299], providing that all aliens unlawfully coming into the country shall, if practicable, be immediately sent back on the vessel by which they were brought in, and that any alien unlawfully coming into the country may be returned as provided by law at any time within a year thereafter, where alien emigrants unlawfully came into the country from France, are then temporarily absent in British Columbia, and return within a year from their arrival from France, they are properly deported to France.

Appeal from the Circuit Court of the United States for the Northern Division of the District of Washington.

Habeas corpus proceedings were instituted by counsel on behalf of the appellees in the superior court of the state of Washington for King county, alleging their illegal detention at Seattle by the appellant Sister Superior M. Angelique, of the House of the Good Shepherd; said detention being by authority and request of the appellant James P. Lavin, United States immigrant inspector. After the service of the writ of habeas corpus upon the sister superior, the appellants petitioned the United States Circuit Court for the District of Washington, Northern Division, for the removal of the proceedings to

the Circuit Court. Thereupon a writ of certiorari was issued to the state court, and the proceedings removed to the federal court. Thereafter the appellants made a return and answer to the petition for habeas corpus, showing: That the appellant James P. Lavin was a revenue officer and immigrant inspector for the collection district of Puget Sound. That the appellees were natives of the Republic of France. That the appellant Lavin had theretofore, in the discharge of his duties as such officer, removed the appellees from the steamship Rosalie upon its arrival at Seattle from Victoria, British Columbia, from which port they had been brought to Seattle. That said removal was for the purpose of investigating whether they were immigrants properly entitled to enter the United States. That a board of special inquiry was convened, consisting of the Treasury and revenue officers, in accordance with the law and the regulations of the Treasury Department, to determine the eligibility of the appellees to land in the United States. That upon such investigation it had been found and determined that appellees had, within one year prior thereto, been imported into the United States at the port of New York from France for the purpose of prostitution. That it had been further found and determined that each of them was a pauper, and likely to become a public charge. That it had been further found that, immediately prior to their having been taken from such vessel for such purpose by the appellant Lavin, they had left the United States and gone to Victoria, British Columbia, from which place they were returning to the United States when so taken and removed from said vessel. That upon such findings it had been determined and concluded by said board that the appellees were not lawfully entitled to be in or enter the United States, and that they should be deported and returned to the country to which they belonged, and from whence they came. Thereafter the facts and findings of said board of special inquiry were forwarded to the Secretary of the Treasury for the purpose of having the question of the country and port to which the appellees should be deported and returned determined by said Secretary. That while said question was pending before the Secretary of the Treasury the court made an order and judgment finding the facts and causes of detention of the appellees by the appellants as set forth in the return, and finding further that the only action warranted by the government and its officers, upon the facts found, was the deportation and return of the appellees to Victoria, British Columbia, at the expense of the steamer bringing them to this country, and thereupon the court entered an order and judgment accordingly. Thereafter the Secretary of the Treasury issued his warrant directing the appellant James P. Lavin, immigrant inspector, to arrest the appellees and remove them to the port of New York for deportation to France. Upon the receipt of said warrant the appellants made a supplemental return showing the fact of the issuance of such warrant, and petitioned the court to modify its order and judgment by striking out so much thereof as required the appellant to return the appellees to the steamship that brought them to Seattle, "to be by said vessel at its own expense returned to Victoria, British Columbia," leaving the appellant Lavin free to carry into effect the warrant of the Secretary of the Treasury. Upon a hearing upon this supplemental return and petition, the court found that the appellees had only been temporarily removed from the steamer bringing them to Victoria, for the purpose of examination as to their fitness as immigrants by the Treasury officials, and that the only action warranted under the law was the refusal to the appellees of the right to land in this country, and the only country to which they could be lawfully returned upon the refusal of the right to land was the country from which they had come immediately prior to such rejection, to wit, to British Columbia. The court found that the appellees, not having landed in this country, and not having been found here, were not subject to deportation by warrant of the Secretary of the Treasury to the country to which they belonged, and from which they originally came, to wit, France. The court thereupon denied the petition for a rehearing and modification of the judgment, and ordered and directed the appellant James P. Lavin, immigrant inspector, to carry into effect the original order and judgment of this court. From these orders and judgments the present appeal is prosecuted by the United States attorney for and in behalf of the immigrant inspector and the sister superior of the House of the Good Shepherd.

Jesse A. Frye, U. S. Atty., and Edward E. Cushman, Asst. U. S. Atty., for appellants.

H. C. Gill, H. B. Hoyt, and H. S. Frye, for appellees.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge (after stating the facts as above). The errors relied upon by the appellants are, first, that the question of the deportation of the appellees was within the judgment and the jurisdiction of the Secretary of the Treasury, and not within the jurisdiction of the Circuit Court; second, that after assuming jurisdiction the court erred in determining, contrary to the determination of the Secretary of the Treasury, that the appellees should be returned to British Columbia, and not to France.

The court below found the cause of the detention of the appellees to be as set forth in the return of the appellants to the writ of habeas corpus. This return showed that the executive officers of the government had, upon investigation, determined that the appellees were alien immigrants, and belonged to a class of persons excluded by law from coming to the United States; that upon such investigation it was found and determined that said immigrants had within one year prior thereto been imported into the United States at the port of New York from France for the purposes of prostitution; that each of them was liable to become a public charge; that immediately prior to being taken from the vessel that brought them to Seattle they had left the United States and gone to Victoria, from which place they were returning to the United States.

The deportation of alien immigrants of the class to which appellees belong is provided for in sections 10 and 11 of the act of March 3, 1891 (26 Stat. 1086, c. 551 [U. S. Comp. St. 1901, p. 1299]), as follows:

"That all aliens who may unlawfully come to the United States shall, if practicable, be immediately sent back on the vessel by which they were brought in. The cost of their maintenance while on land, as well as the expense of the return of such aliens, shall be borne by the owner or owners of the vessel on which such aliens came."

"That any alien who shall come into the United States in violation of law may be returned as by law provided, at any time within one year thereafter, at the expense of the person or persons, vessel, transportation company, or corporation bringing such alien into the United States, and if that cannot be done, then at the expense of the United States."

The supplemental return of the immigrant inspector shows that the Secretary of the Treasury had issued his warrant directing the immigrant inspector to arrest the appellees and remove them to the port of New York for deportation to France. It has been repeatedly held that the executive officers of the government have exclusive jurisdiction to determine the right of an alien immigrant to land and come into the United States. Nishimura Ekiu v. United States, 142 U. S. 651, 660, 12 Sup. Ct. 336, 35 L. Ed. 1146; Lem Moon Sing v. United States, 158 U. S. 538, 15 Sup. Ct. 967, 39 L. Ed. 1082; Fok Yung Yo v. United States, 185 U. S. 296, 305, 22 Sup. Ct. 686, 46 L. Ed. 917; The Japanese Immigrant Case, 189 U. S. 86, 23 Sup. Ct. 611, 47 L. Ed. 721. It is equally clear that these officers

have jurisdiction to carry their judgment into execution in the manner provided by law. United States v. Yamasaka, 100 Fed. 404, 40 C. C. A. 454. But whether, in deporting an alien immigrant, they are proceeding according to law, is a judicial question, and may be inquired into by the court upon writ of habeas corpus. The court below had jurisdiction, therefore, upon the supplemental return of the immigrant inspector, to inquire into the legality of the warrant of deportation; but we think the finding of the court, that the facts and causes of detention of the appellees were as set forth in the return, disposed of the question. If the appellees were alien immigrants who had been imported into the port of New York from France within one year, and their absence from the United States just prior to their arrival at Seattle was only temporary, as the finding of facts indicates, then their deportation to France would appear to be, under the circumstances, according to law.

The judgment of the Circuit Court is modified, with instructions to vacate its order of deportation, discharge the writ of habeas corpus, and remand the appellees to the custody of the immigrant inspector.